IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID SMITH, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 06-4312 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**Slomsky, J.**                                                    **October 19, 2009**

Before the Court is Plaintiff David Smith's Motion *in limine Omnibus* (*sic*) seeking to

preclude Defendants from offering evidence, testimony or argument regarding any alleged

criminal conduct or discipline while incarcerated, or medical condition and/or treatment of

Plaintiff unrelated to the allegations in Plaintiff's Third Amended Complaint.  The Motion also

seeks to preclude Defendants from using any documents at trial other than those identified in

Plaintiff's Pretrial Memorandum (Doc. No. 87).  Also before the Court is an Amended Motion *in

limine* of Defendants City of Philadelphia, Philadelphia Sheriff's Office (hereinafter "Municipal

Defendants"), Sheriff John D. Green, Deputy Sheriff Darrell Erpp, Deputy Sheriff William

Washington, Deputy Sheriff Donald Quirk, Deputy Sheriff Walli Shabazz and Sergeant Joseph

Evans (hereinafter"Defendant Officers" or "Individual Defendants") (all hereinafter

"Defendants") seeking to preclude Plaintiff from offering evidence relating to prior Internal

Affairs Unit (hereinafter "IAU") investigations and incident reports documenting use of force by

Defendant Shabazz, the criminal history of Defendant Shabazz, and prior involvement in civil

1

lawsuits by all Defendants (Doc. No. 91).  Plaintiff and Defendants filed Responses (Doc. No. 95 and 94, respectively).

## I.      STATEMENT OF FACTS

Plaintiff initially filed suit on January 3, 2007, and filed his Third Amended Complaint on October 2, 2008.  Plaintiff alleges in Count I a violation of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 by all Defendant Officers.  In Count II, he alleges violation of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 by Municipal Defendants and Sheriff Green.  In Count III, he alleges violation of Article I, § 13 of the Pennsylvania Constitution by all Defendants.  In Counts IV, V, VI and VII Plaintiff alleges assault and battery, intentional infliction of emotional distress, malicious prosecution, and negligence against all Defendant Officers.

This lawsuit arose from an incident occurring on September 22, 2004 at the Philadelphia Criminal Justice Center, in which Defendant Officers allegedly used unlawful force against Plaintiff after Defendants Washington, Quirk and Errp confiscated Plaintiff's religious reading materials.  Third Am. Compl., 4-6; Mem. Supp. Def. Mot., 1.  Defendants contend that Plaintiff physically attacked Defendant Officers, causing them to use force to subdue him.  Def. Resp. Pl. Mot., 1.  Plaintiff claims that following the incident, he was not offered or provided with access to medical aid for an extensive period of time.  Third Am. Compl., 6-7.  After the incident, criminal charges were filed against Plaintiff.  They were dismissed for lack of prosecution on or about August 6, 2006.  Mem. Supp. Pl. Mot., 4.

Plaintiff alleges that at all relevant times, Municipal Defendants maintained a custom, policy and/or practice of: (1) treating all written religious materials in a prisoner's possession as

2

contraband, subject to immediate confiscation and/or destruction; and (2) permitting the practice of using excessive force, and then refusing medical treatment.  Mem. Supp. Pl. Mot., 4-5. Defendants deny these allegations as untrue, inaccurate and misleading.  Def. Ans. Pl. Second Compl., 11-13.

The pertinent issues at trial will likely focus on whether the force utilized by Individual Defendants was reasonable, whether Municipal Defendants failed to maintain and/or enforce adequate policies respecting excessive use of force, whether Municipal Defendants' customs, policies or practices regarding treatment of religious materials violated Plaintiff's rights, and whether Individual Defendants instituted criminal proceedings against Plaintiff without probable cause and with malice.  The Court must therefore determine whether the evidence which is the subject of the Motions *in limine* is admissible at trial.

## II.    DISCUSSION

### A.    Alleged Prior Criminal Conduct or Discipline While Incarcerated and Medical Condition and/or Treatment of Plaintiff Unrelated to Plaintiff's Complaint

Plaintiff does not identify with particularity in his Motion the exact records he seeks to preclude, but asserts that Defendants indicate in their "Schedule of Exhibits" that they intend to use as exhibits at trial several generalized categories of documents without specifying what documents they will seek to introduce.  Mem. Supp. Pl. Mot., 7.  Plaintiff asserts that to the extent Defendants' exhibit list suggests Defendants may attempt to introduce evidence related to Plaintiff's prior criminal charges, alleged criminal conduct or discipline while incarcerated, and medical condition and/or treatment, such evidence is irrelevant under Fed. R. Evid. 402 and,

alternatively, is unfairly prejudicial and should be excluded under Fed. R. Evid. 403 and/or

constitutes character evidence which should be excluded under Fed. R. Evid. 404(b).  Mem.

Supp. Pl. Mot., 9-12.  Defendants contend that to the extent Defendant officers were aware of

any previous criminal conduct or discipline of Plaintiff while incarcerated, or medical condition

and/or treatment of Plaintiff at the time of the incident in this case, this information was used by

them to form a basis to evaluate the level of threat posed by Plaintiff.  For this reason, they argue,

such evidence is relevant to the inquiry of whether the force used against Plaintiff was reasonable

under the circumstances.  Def. Resp. Pl. Mot., 2.

1.      Relevance

        Fed. R. Evid. 402 provides that "evidence which is not relevant is not admissible."

"Relevant evidence" is defined in Fed. R. Evid. 401 as "evidence having any tendency to make

the existence of any fact that is of consequence to the determination of the action more probable

or less probable than it would be without the evidence."  If Individual Defendants were aware of

Plaintiff's prior criminal conduct or discipline while incarcerated, or his medical condition and/or

treatment, and this information formed a basis to evaluate the level of threat posed by Plaintiff,

knowledge of such history would be relevant to the inquiry as to whether the force used against

Plaintiff was reasonable under the circumstances.  See Virgin Islands v. Carino, 631 F.2d 226,

229 (3d Cir. 1980) ("If it can be established that the accused knew at the time of the alleged

crime of prior violent acts by the victim, such evidence is relevant as tending to show a

reasonable apprehension on the part of the accused." (internal citations and quotation marks

omitted)).

4

2.      Rule 404(b)

Fed. R. Evid. 404(b) provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Plaintiff's prior alleged criminal conduct and discipline while incarcerated and his medical condition and/or treatment are inadmissible to prove Plaintiff behaved violently during the incident in question. See United States v. Scarfo, 850 F.2d 1015, 1018 (3d Cir. 1988) ("Federal Rule of Evidence 404(b) generally prohibits the admission into evidence of extrinsic acts intended to prove [a party's] propensity for crime or to suggest to the jury unfavorable inferences reflecting on his character.").

However, if this evidence is offered for another, proper purpose, it is subject only to the limitations of Fed. R. Evid. 402 and 403. Scarfo, supra at 1019. A proper purpose may be found in the language of Rule 404(b), but the list of permissible uses contained in Rule 404(b) "is neither exhaustive nor conclusive." United States v. Mendez-Ortiz, 810 F.2d 76, 79 (6th Cir. 1986); see Scarfo, supra at 1019 ("The possible uses of other crimes evidence listed in the Rule . . . are not the only proper ones."). To determine the admissibility of evidence under Rule 404(b), the following test is applied: "(1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is being admitted." United States v. Sampson, 980 F.2d 883, 888 (3d Cir. 1992). Here, Defendants assert that evidence of Plaintiff's prior alleged criminal conduct and disciplinary records while incarcerated, and his medical conditions and/or treatment are "relevant to the inquiry of whether the force used against Plaintiff was reasonable under the circumstances at trial" - essentially, the

5

evidence is relevant to the state of mind of the Defendant Officers at the time of the incident. Def. Resp. Pl. Mot., 2. Defendants cite <u>Whitely v. Albers</u>, 475 U.S. 312, 321 (1986), for the proposition that the threat to the safety of staff, "as reasonably perceived by the responsible officials on the basis of the facts known to them," is relevant to an inquiry as to whether the officer used excessive force.

This Court finds support for Defendants' argument in <u>Virgin Islands v. Carino</u>, which held that a defendant's knowledge of his victim's prior violent acts was relevant and admissible as to the defendant's state of mind and self-defense argument, <u>supra</u> at 229. <u>See</u> <u>also</u> <u>United States v. Miller</u>, 895 F.2d 1431, 1436 (D.C. Cir. 1990) ("Rule 404(b) permits the introduction of bad-acts evidence to prove material issues unrelated to the defendant's conduct, including 'the witness' motives.'" (quoting <u>Scarfo</u>, 850 F.2d at 1021)). Thus, evidence of Plaintiff's alleged criminal conduct or discipline while incarcerated or medical condition and/or treatment which shows that Plaintiff was engaged in prior violent acts of which Defendant Officers had knowledge is relevant for the limited proper purpose of evaluating the reasonableness of Defendant Officers' conduct and whether Defendant Officers used excessive force.

The probative value of this evidence outweighs its potential for unfair prejudice. Although presentation of Plaintiff's prior bad acts, incidents, or medical history may carry the risk of suggesting to the jury that Plaintiff behaved in a similar manner during the incident in question, this risk may be reduced by an instruction charging the jury to consider the evidence only for its limited purpose. Defendants' knowledge of Plaintiff's history points directly to the reasonableness of Defendant Officers' conduct and is probative of whether Defendant Officers used excessive force.

**B.     Documents Other than Those Identified In Plaintiff's Pretrial Memorandum**

Plaintiff next asserts that as to any exhibit not listed in Plaintiff's Pretrial Memorandum

or referred to above, the remainder are comprised in whole or in part of inadmissible hearsay.

Mem. Supp. Pl. Mot., 14.  Plaintiff argues Defendants' Exhibits are inadmissible under Fed. R.

Evid. 804(b)(1) as former testimony, and under Fed. R. Evid. 803(4) as statements made for

medical treatment or diagnosis.  Mem. Supp. Pl. Mot., 14.  Defendants assert, on the other hand,

that Plaintiff's medical records contain information that relate directly to Plaintiff's alleged

injuries resulting from the incident in question and are therefore admissible under Rule 803(4).

Def. Resp. Pl. Mot., 3.  Defendants further argue that prior testimony is admissible for

impeachment purposes or to rehabilitate an impeached witness, pursuant to Rule 801(d)(1),[1] and

that any other challenged documents were kept in the course of regularly conducted business

activity and are admissible under Rule 803(6).[2]

---

[1] Fed. R. Evid. 801(d)(1) provides that a statement is not hearsay if "the declarant testifies at the
trial or hearing and is subject to cross-examination concerning the statement, and the statement is
(A) inconsistent with the declarant's testimony, and was given under oath subject to the penalty
of perjury at a trial, hearing or other proceeding, or in a deposition, or (B) is consistent with the
declarant's testimony and is offered to rebut an express or implied charge against the declarant of
recent fabrication or improper influence or motive." Because the parties are available at trial,
Rule 801(d)(1) governs the admissibility of their deposition testimony.  See WEINSTEIN'S
FEDERAL EVIDENCE, § 801.20[1] ("Rule 801(d)(1) defines three types of prior statements of
witnesses that are not hearsay if the declarant testifies at the trial" (internal quotation marks and
citation omitted)); contra Fed. R. Evid. 804(b)(1) (governing the admission of former testimony
when declarant is unavailable).  Parties' deposition testimony is therefore admissible at trial for
the limited purposes of impeachment or rehabilitation of a witness whose credibility has been
attacked, pursuant to 801(d)(1), but may not be used on direct examination prior to an attack on a
witness's credibility.  See U.S. v. Lowe, 65 D.3d 1137, 1144 (4th Cir. 1995) (reasoning that prior
consistent statements are "ordinarily inadmissible unless the testimony sought to be bolstered has
first been impeached" (internal citation and quotation marks omitted).

[2] Defendants assert that the exhibits not covered by the medical records exception or Rule
801(d)(1) fall under the category of records kept in the course of regularly conducted business

Fed. R. Evid. 803(4) provides that "statements for purposes of medical diagnosis or treatment" are not excluded by the hearsay rule, even through the declarant is available as a witness, when those statements are "made for the purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."  The standard for determining whether statements may properly be admitted under the Rule 803(4) exception is: "whether statements were made for the purpose of securing medical treatment; whether they were reasonably pertinent to such treatment, and whether they were reasonably relied upon for treatment."  Williams v. Government of Virgin Islands, 271 F. Supp. 2d 696, 702-03 (D.V.I. 2003); see United States v. Turning Bear, 357 F.3d 730, 738 (8th Cir. 2004) (stating a substantively similar standard).  Statements as to fault do not ordinarily qualify under this exception.  Fed. R. Evid. 803(4) Advisory Committee Notes; Rock v. Huffco Gas and Oil Co., 922 F.2d 272, 277 (5th Cir. 1991).  Medical records arising from the incident in question that contain statements made for the purpose of medical diagnosis or treatment satisfy the standard in Williams, supra at 702-03, and are admissible.  Statements of fault or regarding the identity of assailants are inadmissible because they do not come within the Rule 803(4) exception.

_____

activity, such as records kept by the Sheriff's department.  Def. Resp. Pl. Mot., 3.  The Court has compared the Defendants' Schedule of Exhibits, found at Mem. Supp. Pl. Mot., 8-9, and Plaintiff's Schedule of Exhibits, found at Mem. Supp. Pl. Mot., Exhibit B, and cannot locate any documents on Defendants' Schedule that are absent from Plaintiff's Schedule which appear to fall under the business records exception.  A decision will therefore be withheld on this argument until the time of trial.

**C.      IAU Investigations, Incident Reports, Allegations, Prior Criminal Convictions and
Civil Suits Involving Defendant Officers**

Defendants seek to preclude as evidence four IAU investigations involving Defendant
Shabazz, four incident reports filed against Defendant Shabazz that did not result in an
investigation, a prior allegation made against Defendant Evans, an incident report involving
Defendant Washington, civil lawsuits involving Defendants Shabazz and Washington, and
Defendant Shabazz' prior criminal convictions which have been expunged from his record.  They
contend that these items are irrelevant under Rule 402, impermissible character evidence under
Rule 404(b), and unfairly prejudicial under Rule 403.  Plaintiff opposes the exclusion of IAU
investigations, incident reports and allegations against the Defendant Officers, asserting that such
evidence is admissible against Municipal Defendants with respect to Plaintiff's Monell claim
under 42 U.S.C. § 1983.  Under the Monell standard, municipalities are not "to be held liable
unless deliberate action attributable to the municipality directly caused a deprivation of federal
rights."  Doherty v. Haverford Twp., 513 F. Supp. 2d 399, 407 (E.D. Pa. 2007) (internal citation,
quotation marks and emphasis omitted).  There are three methods of proof by which litigants may
satisfy this requirement, the third of which Plaintiff intends to satisfy in the instant action:
"where a policymaker fail[s] to act affirmatively when the need to take some action to control a
government agent [is] so obvious and the inadequacy of existing practice so likely to result in the
particular constitutional deprivation that the policymaker can reasonably be said to have been
deliberately indifferent to the consequences of failing to take corrective action."  Doherty, supra
at 406.  Plaintiff also asserts that evidence relating to Defendant Shabazz's criminal history and
Defendant Officers' involvement in civil litigation is admissible for impeachment purposes.

1.      <u>Relevance</u>

Fed. R. Evid. 402 provides that "evidence which is not relevant is not admissible." "Relevant evidence" is defined in Fed. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Clearly, any evidence tending to show that Defendant Officers have a history or record of using excessive force is relevant to the inquiry as to whether Defendant Officers used excessive force in the instant case.  Such evidence makes a determination of use of excessive force more probable than it would be without the evidence. Moreover, such evidence is relevant to the inquiry as to Municipal Defendants' knowledge of the violation of its policies and its liability under §1983.

2.      <u>Rule 404(b)</u>

As noted above, Fed. R. Evid. 404(b) provides that "evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Defendants are correct in their assertion that evidence of prior IAU investigations or reports against the Defendant Officers is inadmissible to prove Defendant Officers used excessive force in the instant action.  <u>See</u> <u>Ricketts v. City of Hartford</u>, 74 F.3d 1397, 1414-15 (2d Cir. 1996) (stating that "courts consistently hold that in a § 1983 action alleging police misconduct, plaintiff may not introduce evidence that the defendant police officer allegedly engaged in other acts of misconduct").  Courts routinely refuse to allow such evidence under Fed. R. Evid. 404(b) as evidence that the defendant officers used excessive force, and refuse to characterize such

evidence under Rule 404(b) as evidence of a common plan or modus operandi or of intent. E.g., Thompson v. Mancuso, 2009 WL 2616713, *3 (E.D. Pa. 2009); Ricketts, supra at 1414-15; Berkovich v. Hicks, 922 F.2d 1018, 1022-23 (2d Cir. 1991); Hopson v. Fredericksen, 961 F.2d 1374, 1379 (8th Cir. 1992).

However, Plaintiff disclaims any intention of offering evidence of the investigations and reports to show that Defendant Officers acted in conformity with prior conduct, and instead asserts that the evidence is admissible for the purpose of establishing Plaintiff's § 1983 Monell claim against Municipal Defendants.  Pl. Resp. Def. Mot., 5.  Plaintiff essentially claims that incident reports and IAU investigations are evidence of City of Philadelphia's knowledge of violations of its policies against use of excessive force, "as well as its failure to discipline, train, or in any other manner address the violations of its officers."  Id. at 3-4.  Plaintiff argues that this evidence is necessary to support a 42 U.S.C. § 1983 claim against Municipal Defendants under the standards established in Doherty, supra at 406.  The use of such evidence in an analogous case was upheld by the Third Circuit in Beck v. City of Pittsburgh, 89 F.3d 966, 973-74 (1996). In Beck, the Third Circuit reversed the district court's judgment as a matter of law dismissing plaintiff's § 1983 Monell claim against City of Pittsburgh.  The Court held that written civilian complaints and investigations by the Office of Professional Standards were relevant and admissible in regard to plaintiff's Monell claim.  Id. At 973-74, 976.  The Court reasoned that because the complaints in question were filed in a narrow period of time and were of a similar nature to plaintiff's instant complaint, "a reasonable jury could have inferred that [Defendant City] knew or should have known" of its officer's history of misconduct.  Id. at 973.  Courts considering the admission of prior incident reports and investigations of police officers in

11

excessive force cases have distinguished <u>Beck</u> where the reports or investigations in question were not sufficiently related to the incident in the case on trial in terms of chronology, subject or context.  <u>Wakshul v. City of Philadelphia</u>, 998 F. Supp. 585, 592 (E.D. Pa. 1998).  Here, however, as in <u>Beck</u>, the August 4, 2004, IAU investigation of Defendant Shabazz resulted in a finding of use of excessive force and a violation of the Sheriff's Disciplinary Code, Mem. Supp. Def. Mot., 2-3, which occurred approximately one month before the alleged assault on Plaintiff, Mem. Supp. Def. Mot, 2-3.[3]

Considering the test for admissibility of evidence under Rule 404(b) noted in <u>Sampson</u>, <u>supra</u> at 888, the Court finds that the August 4, 2004 IAU investigation regarding Defendant Shabazz is relevant and serves a proper purpose.  The evidence is probative of the sufficiency of Municipal Defendants' policies and practices, and to the liability of Municipal Defendants under § 1983.  This probative value outweighs the potential for prejudice, which can be minimized with a jury instruction limiting the jury's use of the evidence.

All other IAU investigations, incident reports and allegations that did not result in a finding of misconduct and the civil suits involving Defendant Officers are inadmissible, as they lack sufficient reliability to be admitted under <u>Beck</u>.  The June 15, 2004 IAU investigation of Defendant Shabazz arising from an argument with another Deputy and resulting in a finding of misconduct is likewise inadmissible, as it lacks sufficient similarity to the instant incident to be admitted under <u>Beck</u>.  Finally, Defendant Shabazz's criminal record is inadmissible, as the convictions are too remote in time to be relevant in the instant case and must be excluded under

---

[3] Defendant Shabazz's deposition testimony also reveals that he was never appraised of the results of the IAU investigation and that he received no disciplinary sanctions following the incident. Pl. Resp. Def. Mot., 4-5; Pl. Resp. Def. Mot., Ex. A, 101-02.

<u>Beck</u>.  Moreover, these records may not be used for impeachment purposes since they occurred more than ten years ago, which precludes their use under Rule 609(b).

**III.     CONCLUSION**

For the reasons stated above, Plaintiff's Motion *in limine omnibus* (*sic*) will be denied, and Defendant's Motion *in limine* will be granted in part and denied in part.  A separate Order for each motion follows.